IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                  ORDER

               Plaintiff,

                                                  3:07-cv-00680-bbc
                                                  06-CR-0197-C

     v.

KENNARD JOHNSON,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Kennard Johnson has filed a motion for postconviction relief pursuant to 28 U.S.C. § 2255, alleging that his sentence is illegal in a number of different ways. Accompanying the motion is a 39-page brief in which he or the person who wrote the brief on his behalf expands at length upon his allegations. Unfortunately for defendant, most of his argument are not supported by the law.

      Defendant was sentenced in this court on May 3, 2007, on his plea of guilty to one count of distribution of heroin, in violation of 21 U.S.C. § 841(a). He was found to be a career offender under U.S.S.G. § 4B1.1(a) because he had two prior felony convictions for controlled felony offenses. This finding made the amount of heroin attributable to his crime

1

a moot point: whether he was a career offender or had distributed two kilograms of heroin as calculated by the probation office, his offense level was 32. His own criminal history put him into criminal history category VI, which is the same category in which he would be placed as a career offender. § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI.") His advisory guideline range was 151-188 months. He was sentenced to the bottom of the range. He did not appeal his sentence.

OPINION

In his motion, defendant lists four grounds in support of his position that his sentence was imposed in violation of the law: (1) the sentencing enhancements are in violation of the Fifth and Sixth Amendments; (2) supervised release is a violation of the Fifth Amendment; (3) he should not have been subject to an enhanced sentence because the government did not file an information with the court, alleging a violation of 21 U.S.C. § 851(a)(1); and (4) the government breached its plea agreement when defendant was found to be a career offender. In the body of his brief, he seems to raise two additional allegations: (5) the court had no jurisdiction to sentence him and (6) his attorney provided ineffective assistance because she did not object to his improperly increased sentence. None of the first four arguments can be considered because defendant had an opportunity to raise them on direct

appeal, did not take such an appeal and has failed to show cause and prejudice for his failure.

It is settled law that § 2255 is not intended to be a substitute for a direct appeal. Varela v. United States, 481 F.3d 932, 935 (7th Cir. 2007). If a defendant skips his direct appeal or omits some challenges on appeal, his failure or omission is considered a waiver of his right to appeal. He can obtain postconviction judicial review of his challenge to his sentence only if he can establish "'cause'" for the waiver and 'actual prejudice resulting from the alleged . . . violation.'" Reed v. Farley, 512 U.S. 339, 354 (1994) (citing Wainwright v. Sykes, 433 U.S. 72, 84 (1977)). I need not consider whether defendant might have cause for not appealing (he has alleged none) because he cannot make a showing that he was prejudiced by not having his first four claims heard. Even if they had been heard, defendant would not prevail on his challenge to his sentence because none of the four grounds he has stated have any merit.

Defendant's first ground, that enhancing his sentence violated his Fifth and Sixth Amendment rights, fails because he admitted at his plea hearing that he was over 18, he admitted that he had engaged in the distribution of heroin and it was legally permissible for the court to find as fact that he had two previous controlled substances offenses. A sentencing court may make findings of fact about prior convictions without running afoul of the Sixth Amendment requirement that every element of a crime must be the subject of a finding of fact by a jury. Almandez-Torres v. United States, 523 U.S. 224 (1998) (fact of

3

recidivism is sentencing factor and not element of crime). Moreover, when the sentencing court is using the sentencing guidelines for advisory purposes only, it may engage in fact finding beyond that of previous sentences without violating the Sixth Amendment. Had defendant appealed on this ground, he would not have succeeded; therefore, he is not prejudiced if he is not allowed to raise the claim in his motion for postconviction relief.

As for defendant's second ground that supervised release is a violation of the Fifth Amendment, that argument was decided against him by the court of appeals long ago. "[T]he length of [the] supervised release term does not bear a direct relation to the initial sentence, nor to the maximum possible initial sentence, since the term of supervised release is to be tailored to the needs of individual defendants." United States v. Dilliard, 910 F.2d 461, 466 (7th Cir. 1990); see also United States v. Jenkins, 42 F.3d 1370 (11th Cir. 1995) (collecting cases). Supervised release is a part of a defendant's sentence and not a part of the term of imprisonment, Jenkins, 910 F.2d at 466, and therefore does not extend the maximum term of imprisonment impermissibly.

Defendant's third ground is that it was illegal to enhance his sentence when the government did not file an information with the court alleging a violation of 21 U.S.C. § 851(a)(1). Section 851(a)(1) requires that in any case in which the government seeks a higher sentence for a defendant pursuant to § 841 on the basis of a prior conviction, the government must file an information setting out the prior conviction on which it is relying.

4

The government sought no such increase in defendant's case so it was not required to file such an information.

Fourth, defendant argues that the government breached its plea agreement when defendant was found to be a career offender. This argument fails because defendant can point to nothing in the written plea agreement showing that the government ever agreed that defendant would not be found to be a career offender. Moreover, he told the court at his plea hearing that no one made any promises to him beyond those set out in the written agreement.

Defendant's fifth allegation of lack of jurisdiction rests on his belief that the court gave up its jurisdiction over his sentencing when it failed to act upon its own to correct its known error (relying on the sentencing guidelines as if they were mandatory). It was not "known error" to treat the sentencing guidelines as mandatory when the courts of appeals had ruled that they were, but even if that were a "known error," the court's failure to correct it does not deprive it of all jurisdiction over the matter before it. A defendant's remedy in that situation is to appeal and seek correction of the error.

Finally, defendant may allege ineffectiveness by his counsel in his postconviction motion because such a claim is usually one that cannot be decided on the record. United States v. Taglia, 922 F.2d 413, 417-18 (7th Cir. 1991) (defendant challenging effectiveness of counsel has three choices: ask district court for new trial on basis of record or of hearing

5

on extrinsic evidence; appeal if he can show that unadorned record supports claim; or file postconviction motion after exhausting appellate remedies if claim depends on extrinsic evidence). In defendant's case, the matter can be decided on the record but that does not mean that defendant was required to raise it on direct appeal. Massaro v. United States, 538 U.S. 500, 509 (2003) (holding that defendant may raise issue of ineffectiveness in postconviction motion even if he could have raised it on direct appeal and did not).

Although defendant is not barred from raising the issue, he has no grounds to support it. Defendant's counsel was not ineffective in failing to challenge defendant's classification as a career offender. His prior convictions for controlled substance offenses established his status. U.S.S.G. § 4b1.1.

ORDER

IT IS ORDERED that defendant Kennard Johnson's motion for postconviction relief pursuant to 28 U.S.C. § 2255 is DENIED.

Entered this 5th day of February, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge