DOCKET #
U.S. DISTRICT COURT
WEST DIST. OF WISCONSIN

MAR 10 2008

FILED
THERESA M. OWENS, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

            Plaintiff,

   v.

KENNARD JOHNSON,

            Defendant.

ORDER

3:07-cv-00680-bbc
06-CR-0197-C

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

    Defendant Kennard Johnson has filed a document entitled "motion in opposition to the finding of facts and recommendation by the Hon[or]able Judge Crabb." The order denying defendant's motion for postconviction relief pursuant to 28 U.S.C. § 2255 was not a recommendation but a final order, so defendant's motion makes no sense as it is presently titled. I could construe the motion as one for relief from judgment under Fed. R. Civ. P. 60(b). Such a motion allows a court to relieve a party from a final judgment on a number of grounds, one of which is mistake. In construing it in this way, however, I am constrained by the fact that because defendant's original motion was one for postconviction relief, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §

1

2244(b), override the provisions of Rule 60(b) to the extent the provisions are in conflict.

Defendant devotes fourteen pages of his new motion to arguing why the court erred in denying his motion. Neither Rule 60(b) nor the AEDPA allows such reargument. Gleash v. Yuswak, 308 F.3d 758, 761 (7th Cir. 2002) (holding that "legal error is not a proper ground for relief under Rule 60(b)"); Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) (explaining that attacking federal court's previous resolution of claim on its merits is equivalent to alleging that defendant is entitled to habeas relief under substantive provisions of statute and therefore motion must be construed as second and successive motion under 28 U.S.C. § 2255). (Although Gonzalez addressed a Rule 60(b) motion filed by a state habeas petitioner, the court's reasoning applies equally to federal prisoners moving for postconviction relief.) Accordingly, defendant's new motion would have to be dismissed to the extent it is challenging the court's alleged legal errors.

On the next to last page of his motion, defendant slips in a new claim that he did not raise in his original motion: his right to appeal was not honored by his attorney. Rule 60(b) would not allow defendant to raise this new claim unless he could show some reason why he could not have raised it in his original motion, which he has not done. Gleash, 308 F.3d at 761 ("[Rule 60(b)] is designed to allow modification in light of factual information that comes to light only after the judgment, and could not have been learned earlier."). Even if defendant had a good reason for not having included his new claim in his original petition,

2

he would run into the bar imposed by Gonzalez. Gonzalez holds that a person cannot raise a new claim for postconviction relief pursuant to 28 U.S.C. § 2255 ¶ 8, even if he labels it a Rule 60(b) motion, unless he first obtains a certificate from a panel of the Court of Appeals for the Seventh Circuit authorizing him to bring a second or successive petition. Defendant has not obtained such a certificate. Accordingly, his motion must be denied, whatever its label is. No reasonable construction of his motion would turn it into one that this court may entertain.

ORDER

IT IS ORDERED that defendant Kennard Johnson's "motion in opposition to the finding of facts and recommendation by the Hon[or]able Judge Crabb," dkt. #4, is DENIED.

Entered this _____10th_____ day of March, 2008.

BY THE COURT:

*Barbara B. Crabb*
BARBARA B. CRABB
District Judge